Mancilla & Fantone, LLP v Liu (2025 NY Slip Op 05888)

Mancilla & Fantone, LLP v Liu

2025 NY Slip Op 05888

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 450521/24|Appeal No. 5008|Case No. 2025-00514|

[*1]Mancilla & Fantone, LLP, et al., Plaintiffs-Respondents,
v
Vivian Liu, Defendant-Appellant.

Jones Law Firm, P.C., New York (T. Bryce Jones of counsel), for appellant.
Mancilla & Fantone, LLP, New York (Robert M. Fantone of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 8, 2025, which denied defendant's motion to dismiss the complaint, granted plaintiffs' motion for an order determining that defendant waived attorney-client privilege over matters discussed in the amended complaint, and denied defendant's cross-motion to strike the amended complaint and other filings alleged to contain privileged material, unanimously affirmed, with costs.
The motion court correctly determined that the complaint was properly amended as of right pursuant to CPLR 3025(a) (see CPLR 3211[f]; Roam Capital, Inc. v Asia Alternatives Mgt. LLC, 194 AD3d 585, 585-586 [1st Dept 2021]). Thus, the amended complaint was the operative one to which the pending motion to dismiss is properly applied (see Zaiger LLC v Bucher Law PLLC, 238 AD3d 687, 687-88 [1st Dept 2025]).
The motion court also correctly determined that defendant waived attorney-client privilege with respect to the communications referenced in the amended complaint through disclosures in her moving affirmation and supporting documentation (see U.S. Bank N.A. v Lightstone Holdings LLC, 196 AD3d 445, 447 [1st Dept 2021], lv denied 38 NY3d 913 [2022]).
Plaintiffs have demonstrated that the sole remaining substantive claim, for defamation per se, has a substantial basis in law sufficient to survive dismissal under New York's anti-SLAPP law (see CPLR 3211[g]; Black v Ganieva, 236 AD3d 427, 428 [1st Dept 2025] [substantial basis standard]; see also Moonbeam Gateway Mar., LLC v Tai Chan, 239 AD3d 965, 966-967 [2d Dept 2025]; Civil Rights Law 76-a[2]).
The alleged defamatory statements are not nonactionable statements of pure opinion (see generally Davis v Boeheim, 24 NY3d 262, 268-269 [2014]). Accusations that plaintiffs wrongfully kept defendant's retainer, authored fake positive online reviews, and refused to file any papers on defendant's behalf unless she doubled their retainer have clear, readily understood meanings and are capable of being proven true or false (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 92 [2d Dept 2024]). Moreover, unlike in many other cases involving online reviews, the defendants' statements (with one exception) were not made on a recognized third-party consumer review website but on separate websites with domain names modeled after plaintiffs' own names, leading to possible confusion about their authorship. Defendant's reliance on the presence of disclaimers on these websites is misplaced, as it is undisputed that this language was not always present, although the parties disagree when it was added.
Plaintiffs submitted sufficient evidence that the subject statements were false, and that defendant made them with knowledge of their falsity or with reckless disregard thereof. The amended complaint, which was verified by a person with personal knowledge of the facts and thus "may be utilized as an affidavit" (CPLR 105[u]; see Matter of Jaime v City of New York, 41 NY3d 531, 542 [2024]), contains a detailed recitation of facts evidencing falsity and scienter, referencing concrete supporting documentation that may be produced in discovery.
Defendant's argument that the amended complaint should be dismissed for failure to allege the date and time of the alleged defamatory statements is not properly considered because it is raised for the first time on reply on appeal.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025